IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TRACY D. SALMON,                )
                                )
           Plaintiff,           )
                                )
v.                              )     1:12CV1209
                                )
CAROLYN W. COLVIN,              )
Acting Commissioner of          )
Social Security,                )
                                )
           Defendant.           )

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, DISTRICT JUDGE.

Plaintiff Tracy D. Salmon ("Ms. Salmon") commenced this action on November 13, 2012 to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Social Security disability benefits. (Doc. 2.) Before the Court are the parties' cross motions for Judgment on the Pleadings. (Docs. 10, 12.) The administrative record has been certified to the Court for review. The Court heard oral argument on the parties' motions on March 17, 2015. On March 20, 2015, Ms. Salmon filed a Notice of Supplemental Authority and submitted a recent decision of the Fourth Circuit, *Mascio v. Colvin*, __ F.3d __, No. 13–2088, 2015 WL 129530 (4th Cir. 2015)(Doc. 22). The Commissioner filed her Response to the Notice in which she "acknowledges that *Mascio* is controlling authority in the present case but would assert that the facts in the instant case are distinguishable from those in *Mascio*." (Doc. 23.) For the reasons set forth below, the Court grants Ms. Salmon's

Motion to the extent it seeks reversal and remand for a new hearing and denies the Commissioner's Motion.

This Court's review of the Commissioner's denial of benefits is authorized under 42 U.S.C. § 405(g). *Hancock v. Astrue,* 667 F.3d 470, 472 (4th Cir. 2012). The scope of review is extremely limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The court must uphold the Commissioner's factual findings if they are supported by substantial evidence and are free of legal error. *Hancock*, 667 F.3d at 472. However, a necessary predicate to engaging in substantial evidence review is a record that adequately explains the ALJ's findings and reasoning. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). This requires that the ALJ build a logical bridge between the evidence and his conclusions. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

In this case, the ALJ found that Ms. Salmon had not engaged in substantial activity since the onset date through the date she was last insured (step one); had the following severe impairments: controlled seizures; degenerative disc disease of the lumbar spine; bipolar disorder, anxiety, lower extremity fracture; and migraines (step two); and that Ms. Salmon's impairments, alone or in combination, did not meet or equal a listed impairment (step three). (Tr. at 14.) The ALJ then determined that Ms. Salmon had the residual functional capacity ("RFC") to perform light work with the following limitations: can occasionally climb ramps and stairs; can frequently balance, stoop, kneel and crouch; can never climb ropes, ladders or scaffolds and can never crawl; avoid concentrated exposure to hazards; due to mental limitations, only simple, routine, repetitive tasks ("SRRTs"); and can have occasional contact with the public while taking criticism from supervisors. (*Id.* at 15-16.)

The ALJ concluded that Ms. Salmon was unable to perform any past relevant work (step four), but considering her age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that she was able to perform (step five). (*Id.* at 20.) These included electrical accessories assembler, office helper, and routing clerk. (*Id.* at 21.) Because the ALJ found that Ms. Salmon had the RFC to perform the foregoing jobs, he found her not disabled. (*Id.*)

Ms. Salmon raises the following issues with respect to the ALJ's decision: (1) that the ALJ's decision was based on impermissible selective treatment of the evidence; (2) that the ALJ's hypothetical to the vocational expert did not contain all of her significant mental limitations; (3) that the ALJ erred by deciding her RFC before deciding her credibility and by judging her credibility against the pre-existing RFC; (4) that the ALJ failed to accord great weight to her subjective testimony when it was supported by substantial evidence; and (5) that the Court cannot conduct substantial evidence review of the ALJ's decision because no factfinder has considered the new and material evidence.

The Court finds that remand is warranted based on Ms. Salmon's second argument, specifically that the ALJ failed to account for Ms. Salmon's moderate difficulties in concentration, persistence or pace in his RFC and hypothetical to the vocational expert. Because the Court concludes that reversal and remand for a new hearing is appropriate, the Court will only address that issue.

Once a claimant with non-exertional limitations establishes that she cannot return to her past relevant work at step four, as Ms. Salmon did in this case, the ALJ generally must obtain vocational expert testimony to determine whether there are other jobs in the national

3

economy that she can perform. *McLain v. Schweiker*, 715 F.2d 866, 869-70 (4th Cir. 1983); *Hall v. Harris*, 658 F.2d 260, 267 (4th Cir. 1981). "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (internal citation omitted). Ordinarily, the ALJ offers a hypothetical that reflects the RFC which is reached through consideration of all the claimant's impairments, including those impairments found not to be severe. *Hines v. Barnhart*, 453 F.3d 559, 566 n.5 (4th Cir. 2006); 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). It follows that failure to account for all of the impairments in the RFC will result in a hypothetical that does not capture all of a claimant's limitations.

Here, the ALJ first determined that, among other things, Ms. Salmon had moderate restrictions in concentration, persistence, or pace at steps two and three, which he translated into a RFC of SRRTs with the following qualification: "able to apply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form." (Tr. at 15-16.) Relying on his RFC, the ALJ then asked the vocational expert to assume that, due to this individual's mental conditions:

> she would be limited to simple, routine, repetitive tasks in that [she] could apply commonsense understanding to carry out instructions furnished on a written, oral, or diagrammatic form. This individual . . . should have only occasional contact with the public, could take criticism from supervisors, and occasional contact with coworkers.

(*Id.* at 55-56.)

In *Mascio*, the Fourth Circuit made clear that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to

4

simple, routine, tasks or unskilled work.'" *Mascio*, 2015 WL 1219530, at *5 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). The Court went on to explain that "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Mascio,* 2015 WL 1219530, at *5. In this case, neither the ALJ's RFC nor his hypothetical to the vocational expert addresses Ms. Salmon's ability to stay on task.

To determine Ms. Salmon's RFC, the ALJ adopted the findings of Dr. Cruise, the state consultant.[1] (Tr. at 15-16, 429.) Although Dr. Cruise appears to have addressed Ms. Salmon's ability to stay on task, when she opined that Ms. Salmon had the RFC to maintain attention to complete SRRTs (*id.* at 429), the RFC determination is a matter reserved to the ALJ, *see* Social Security Ruling 96-5p, 1996 WL 374183, and here the ALJ failed to include this language in his RFC. (*See* Tr. at 15-16.) As a result, it is unclear to this Court whether the ALJ concluded that Ms. Salmon's moderate limitations in concentration, persistence, or pace had no impact on her disability, in which case he should say so, or whether he simply failed to consider it at the RFC stage and at steps four and five. While the Court recognizes that the RFC is the ALJ's province, he must make clear to this Court that he considered all of Ms. Salmon's impairments in formulating the RFC and at steps four and five. As outlined above, a necessary predicate for this Court to engage in substantial evidence review is a record that adequately

---

[1] The Court notes that the ALJ failed to adequately explain his reasoning for the weight given to the medical opinions in his evaluation of Ms. Salmon's claims at steps two, three and at the RFC stage. (Tr. at 20.) This is particularly concerning because the record contains a number of medical opinions. (*Id.* at 399-405, 406-17, 427-30, 431-43, 584-88.) And, while the ALJ relied heavily on Dr. Cruise's findings at times, he did not adopt all of her findings (*id.* at 441), yet the ALJ did not address why he accepted some but not all of them. (*Id.* at 15-16.)

explains the ALJ's findings and reasoning. Because the ALJ failed to address Ms. Salmon's ability to stay on task as required by *Mascio*, remand is required.

On remand, the ALJ should also be mindful of Ms. Salmon's argument that he improperly assessed her credibility against a pre-determined RFC. In particular, the ALJ included what has become known as standard boilerplate language in ALJ decisions:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

*Id.* at 16. In *Mascio*, the Fourth Circuit held that this boilerplate "'gets things backwards' by implying 'that ability to work is determined first and is then used to determine the claimant's credibility.'" *Mascio*, 2015 WL 1219530, at *5 (quoting *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012)). The court explained that the ALJ should have compared Mascio's alleged functional limitations to the other evidence in the record, not to Mascio's RFC. *Mascio*, 2015 WL 1219530, at *5. The court concluded that "a claimant's pain and residual functional capacity are not separate assessments to be compared with each other. Rather, an ALJ is required to consider a claimant's pain as part of his analysis of residual capacity." *Id.* On remand, the ALJ should ensure that he properly addresses Ms. Salmon's credibility and RFC in a manner consistent with the Fourth Circuit's decision in *Mascio*.

For the reasons outlined above, the Court enters the following:

6

## Order

IT IS THEREFORE ORDERED that the Commissioner's decision finding no disability is REVERSED; that Defendant Acting Commissioner of Social Security Carolyn W. Colvin's Motion for Judgment on the Pleadings (Doc. 12) is DENIED; that Plaintiff Tracy D. Salmon's Motion for Judgment on the Pleadings (Doc. 10) is GRANTED to the extent it seeks reversal and remand for a new hearing, and this action is REMANDED for further proceedings consistent with this Opinion under sentence four of 42 U.S.C. § 405(g).

This, the 2nd day of April, 2015.

/s/ Loretta C. Biggs
United States District Judge